UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| UNITED STATES OF AMERICA | ) | | |
|---|---|---|---|
| | ) | | |
| | ) | | |
| v. | ) | No. | 2:13-CR-34(16) |
| | ) | | |
| RICKY DWAYNE HARVEY | ) | | |

## **MEMORANDUM AND ORDER**

This criminal case is before the Court on the defendant's *pro se*[1] motion for a sentence reduction, [Doc. 609]. In the defendant's motion, the defendant requests that the Court resentence him pursuant to 18 U.S.C. § 3582(c)(2) and in accordance with Amendment 782 and Amendment 788 to the United States Sentencing Guidelines Manual. The government has responded, [Doc. 642], and argues that the defendant is ineligible for the reduction because the resulting new guideline range is higher than the defendant's original sentence. *See* USSG § 1B1.10(b)(2)(A) ("[T]he court shall not reduce the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range."). Because the government is correct, the defendant's motion is DENIED.

**I. Standard of Review**

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v.*

---

[1] Federal Defender Services was appointed to represent the defendant by Standing Order 14-07 and order, [Doc. 610]. However, because the defendant is categorically ineligible for relief, FDS is unlikely to file any supplemental motion on her behalf.

*United States*, 131 S. Ct. 3685, 2690 (2011) (internal citation and quotation marks omitted). One exception is identified in 18 U.S.C. § 3582(c)(2):

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The United States Supreme Court has interpreted § 3582(c)(2) as setting forth two requirements for a sentence reduction. First, "the defendant [must] ha[ve] been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]" *United States v. Riley*, 726 F.3d 756, 758 (6th Cir. 2013) (internal quotation marks and citation omitted). Second, "such reduction [must be] consistent with applicable policy statements issued by the Sentencing Commission." *Id.* (internal quotation marks omitted). If the reviewing court determines that the defendant is eligible for a sentence reduction, then "[t]he court may then 'consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a).'" *United States v. Thompson,* 714 F.3d 946, 949 (6th Cir. 2013) (quoting *Dillon v. United States*, 560 U.S. 817, 826 (2010)).

In determining whether a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, the Court must first determine "the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." *Dillon*, 560 U.S. at 827 (internal quotation marks and citation omitted); *see also* U.S. Sentencing Guidelines Manual § 1B1.10(b)(1). Other than substituting Amendment 782 for the corresponding provision applicable when the defendant was originally sentenced, the Court

"shall leave all other guideline application decisions unaffected." *Id.* And the Court "shall not" reduce a defendant's term of imprisonment to a term "less than the minimum of the amended guideline range," nor to a term "less than the term of imprisonment the defendant has already served." *Id.* § 1B1.10(b)(2)(A), (C).[2] In addition to these limits, section 1B1.10 states that a court must also consider the § 3553 factors and the danger to the public created by any reduction in a defendant's sentence. *Id.* at cmt. n.1(B). A court may further consider a defendant's post-sentencing conduct. *Id.*

## II.    Factual Background

The defendant pleaded guilty to conspiring to distribute a quantity of oxycodone in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C) and conspiring to launder money in violation of 18 U.S.C. § 1956(h). At the time of sentencing, the defendant was held responsible for 10,000 30-milligram oxycodone pills, the equivalent of 2,010 kilograms of marijuana. [Presentence Investigation Report ("PSR") ¶ 31]. Given the amount of drugs for which the defendant was held responsible, the defendant's base offense level was 31. [*Id.* ¶ 38]. The defendant received an increase of two levels for his conviction for money laundering and an increase of three levels for his role as a manager/supervisor. The defendant then received a three-level reduction for acceptance of responsibility pursuant to section 3E1.1(a) and (b), which resulted in a total offense level of 31, [*Id.* ¶ 46]. Given the defendant's criminal history category of V, the defendant's applicable guideline range was 235 to 293 months' imprisonment, [*Id.* ¶ 96].

---

[2]    Section 1B1.10 provides one exception to the rule that a defendant may not receive a sentence below the amended guideline range—namely, if the defendant originally received a below-guideline sentence "pursuant to a government motion to reflect the defendant's substantial assistance to authorities." U.S. Sentencing Guidelines Manual § 1B1.10(b)(2)(B). That is not the case here.

However, the statutory maximum term of imprisonment for this offense was twenty years, thereby restricting his guideline range to 235 to 240 months' imprisonment. [*Id.* ¶¶ 96, 97].

The Court sentenced the defendant on May 5, 2014, to 180 months' imprisonment, [Doc. 565]. The Court varied from the guideline range based on the section 3553(a) factors pursuant to the defendant's motion, [*Id.* with Statement of Reasons].

**III.   Analysis**

Amendment 782 to the Guidelines, which became effective on November 1, 2014, revised the Guidelines applicable to drug-trafficking offenses by reducing by two levels the offense levels assigned to the drug quantities described in section 2D1.1. U.S. Sentencing Guidelines Manual App. C, amend. 782. Amendment 782 also makes corresponding changes to section 2D1.11. Amendment 788, which became effective on November 1, 2014, as well, identified Amendment 782 as retroactive. U.S. Sentencing Guidelines Manual App. C, amend. 788.

Applying Amendment 782, the defendant's revised base offense level is 30, and affording the defendant the same adjustments the defendant originally received, the defendant's new total offense level is 32. U.S. Sentencing Guidelines Manual § 1B1.10(b)(1). A total offense level of 32 and a criminal history category of V results in an amended guideline range of 188 to 235 months' imprisonment. Thus, the defendant was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.

Next, the Court must determine whether a sentence reduction is consistent with applicable policy statements issued by the Sentencing Commission. *See* U.S. Sentencing Guidelines Manual § 1B1.10. "[T]o satisfy the second requirement, a guidelines amendment must have had the effect of lowering the defendant's applicable guideline range." *Riley*, 726

4

Case 2:13-cr-00034-JRG-MCLC   Document 735   Filed 05/04/16   Page 4 of 5   PageID #: 4293

F.3d at 758 (internal quotation marks and citations omitted). As stated above, however, "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range." United States Guidelines Manual § 1B1.10(b)(2)(A). Here, the new range is 188 to 235 months' imprisonment, and the defendant was sentenced to 180 months' imprisonment. Thus, because the 180-month sentence is less than the amended guideline range, the defendant is not eligible for a reduction pursuant to section 1B1.10(b)(2)(A). The existing sentence below the original applicable guideline range was not due to an exception that allows the Court to sentence below the new range. *See id*. § 1B1.10(b)(2)(B) (stating an exception for substantial assistance pursuant to a government motion); *see also United States v. Jacobs*, No. 13-40066-JPG-002, 2015 WL 758464, at *2 (S.D. Ill. Feb. 23, 2015) (holding defendant ineligible for sentence reduction because existing sentence was lower than the amended guideline range and was not a result of government motion based on substantial assistance).

### III. Conclusion

For the reasons stated herein, the defendant's motion, [Doc. 609], is DENIED. All provisions of the judgment, [Doc. 565], shall remain in effect.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
